UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRATPAL SINGH,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>        Defendants. | Case No. 25-cv-04899-WHO<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND REQUIRING RESPONSE**<br><br>Re: Dkt. No. 28 |

On June 30, 2025, counsel for Plaintiff Kiratpal Singh ("Singh") filed an Administrative Motion for Leave to File a Supplemental Brief. Dkt. No. 28. Singh concurrently filed the supplemental brief. ("Supp. Br.") Dkt. No. 27. The motion, styled as a request for leave to file a supplemental brief to "aid the Court in reaching a just and fully informed decision on the TRO motion," ignores that I entered an Order denying the TRO on June 26, 2025. *See* Dkt. No. 26. As a motion filed pursuant to Civil Local Rule 7-11, it is deficient. I will construe it instead as a Motion for Leave to file a Motion for Reconsideration, pursuant to Civil Local Rule 7-9, and I construe the supplemental brief filed at Dkt. No. 27 as that Motion for Reconsideration.

Civil Local Rule 7-9(b) governs the form and content of a motion for leave. It requires, among other things, that a party filing a motion seeking leave to file a Motion for Reconsideration "must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." While I question whether Singh meets that requirement,[1] at the hearing on the TRO I told counsel for Singh that she would "need to establish . . . more facts" to bolster her arguments in support of issuing the TRO. The motion

---

[1] The government's procedural concerns appear to be well-founded.

was an inartful way of attempting to do so.

The supplemental brief raises one new issue that deserves a response.[2] Singh notes that "parole is the exclusive means by which an alien subject to expedited removal may be released from custody." *See* Supp. Br. 3. He then argues that he "was not paroled. He was released under INA 236, which applies only to aliens not subject to expedited removal." *Id.* If Singh is correct, he would then benefit from the constitutional right to due process granted to all "'persons' within the United States." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (explaining that parolees "are treated for due process purposes as if stopped at the border." (internal quotation marks and citation omitted)).

I conclude that this contention would benefit from a substantive response. Civil L.R. 7-9(d). For that limited purpose, I will GRANT Singh's administrative motion for leave to file a motion for reconsideration and accept the supplemental brief as that motion. Defendants are ORDERED to file a brief responsive to the supplemental brief within 21 days of this order, limited to the narrow issue of whether Singh's release under INA 236 affected his "parole" status or whether DHS was otherwise acting within its "discretion to put [him] in section 240 removal proceedings even though [he was] also subject to expedited removal . . . ." *Matter of E-R-M- & L-R-M*, 25 I&N Dec. 520, 523 (2011). The brief shall not exceed 5 pages, and may be accompanied by a declaration by anyone knowledgeable about parole practice and procedure. Should any hearing or further briefing on the Motion for Reconsideration be necessary, I will inform the parties after reviewing the government's responsive brief.

**IT IS SO ORDERED.**

Dated: July 7, 2025

                William H. Orrick
                United States District Judge

---

[2] The majority of Singh's supplemental brief rehashes arguments raised at the TRO hearing. Singh's second, third, and fourth arguments assert facts in support of his contention that the government waived any right to pursue expedited removal proceedings against Singh. Supp. Br. 4. As was the case at the TRO hearing, Singh provides no caselaw to support any of those arguments. *See Supp. Brief.*